## J. EAGER *v.* GEORGE A. J. BROWN.

Where the notary having no knowledge of the residence of the drawer, made enquiry on the sub·ject, of the acceptor's factor, (who was also factor of the drawer,) and received for answer, that the drawer lived at F., for which place he mailed notices of the day of the protest, addressed to the drawer; and, a few days after, having received other information in relation to the drawer's residence, dispatched another notice to the place designated. *Held :* That the notary used such reasonable diligence as to excuse the want of notice.

APPEAL from the District Court of the parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiff. *Ludeling*, for defendant and appellant.

LEA, J.   In this case, the defendant seeks to escape liability upon a protested draft, of which he is the drawer, on the ground that he has been released by the *laches* of the holder in not giving him notice of non-payment.

The notary's deputy, whose testimony was properly received, testifies, that he had no knowledge of the residence of the defendant, that he made inquiries on the subject of the acceptors, who, it appears, were also the defendant's factors, and received for answer that the defendant resided at Farmersville, the seat of justice for the parish of Union, in Louisiana, for which place notices were mailed on the day of the protest, addressed to the defendant. Thus the notary appears to have made inquiries with reference to the residence of the drawer, from those who might be supposed most competent to give it, and from them he received unequivocal information, upon which he acted with

79

EAGER
v.
BROWN.

all proper dilligence and despatch. A few days afterwards, having received other information with reference to the drawer's residence, he dispatched another notice to the place designated. We think, under the circumstances of the case, that assuming the notary to have been misled by the information obtained from the acceptors, such reasonable diligence was used as to excuse the want of notice. See *Ledoux* v. *Morgan*, 3d Ann. 545; also, Story on Bills, § 299.

This view of the case, makes it unnecessary to examine the other points presented in the briefs of counsel.

Judgment affirmed.